*Wyner & Tiffany*
Attorneys at Law
Steven Wyner (SBN 77295)
swyner@specialedlaw.org
Marcy J.K. Tiffany (SBN 78421)
mtiffany@specialedlaw.org
970 W. 190th Street, Suite 302
Torrance, California 90502
Phone: (310) 225-2880
Fax: (310) 225-2881
Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO UNIFIED SCHOOL DISTRICT,<br><br>                Plaintiff,<br>      v.<br><br>T.B., a minor, ALLISON BRENNEISE and ROBERT BRENNEISE, his parents, STEVEN WYNER, and WYNER AND TIFFANY,<br>                Defendants. | Case No.:  08 CV 0039 WQH (WMc)<br><br>NOTICE OF MOTION AND MOTION TO DISMISS SECOND CAUSE OF ACTION AGAINST ALL PARTIES WITH PREJUDICE; TO DISMISS THIRD CAUSE OF ACTION AGAINST STEVEN WYNER AND WYNER AND TIFFANY WITH PREJUDICE; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>HON. WILLIAM Q. HAYES<br><br>Place: Courtroom 4, Fourth Floor<br>Date:   April 24, 2008<br>Time:  10:00 a.m.<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

TO: Plaintiff SAN DIEGO UNIFIED SCHOOL DISTRICT, and to their counsel of record:

NOTICE IS HEREBY GIVEN that on April 24, 2008, at 10:00 a.m., or as soon thereafter as counsel may be heard by the above entitled court, Courtroom 4, 940 Front Street, San Diego, CA 92101-8900, defendants will, and do hereby, move the court to dismiss the Second Cause of Action in Plaintiff's Complaint in its entirety with prejudice and to dismiss the Third Cause of Action in Plaintiff's Complaint as to Steven Wyner and Wyner & Tiffany with prejudice.

This motion is based on the complaint filed by plaintiff SAN DIEGO UNIFIED SCHOOL DISTRICT; this Notice of Motion and Motion; the Memorandum of Points and Authorities in support thereof and the exhibit thereto; the pleadings and papers on file in this case; and such other oral and documentary evidence as may be presented at the time of the hearing on this motion.

Dated: March 12, 2007                                             Respectfully submitted,

*Wyner & Tiffany*
ATTORNEYS AT LAW

By:       /s/Marcy J.K. Tiffany
          Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BRIEF FACTUAL BACKGROUND[1]

Tyler Brenneise, is a 13-year-old boy who is enrolled in the San Diego Unified School District ("SDUSD"), and who is eligible for special education under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415 et. seq. Tyler suffers from a serious health condition known as Phenylketonuria ("PKU"), which is the inability of the body to metabolize Phenylalanine ("PHE"). Excessive PHE can result in brain damage and other physical ailments. Exh. A at 4:3. Newborns are routinely tested for PKU because, if detected early, the disease can be managed by carefully monitoring food intake to restrict the amount of PHE in the diet, coupled with a liquid dietary supplement that provides necessary nutrients without adding additional PHE. Exh. A at 4:4.

As a result of medical error, Tyler's PKU was not identified until he was three years old, causing him to suffer irreversible brain damage and other physical difficulties. Exh. A at 5:5. Consequently, it is vitally important that his dietary PHE be very carefully monitored and that he receive supplementary feedings by means of a gastronomy tube ("G-Tube") at least three times a day. Exh. A at 5:6. Without these precautions, Tyler runs the risk of suffering additional brain damage and other physical harm. Exh. A at 47:207-08. In addition to his significant health needs, the Student also has educational

---

[1] The facts in this section are taken directly from the factual findings in the decision of the Office of Administrative Hearings ("OAH Decision"), attached hereto as Exhibit A, which are organized into 263 separate paragraphs. These findings are referenced herein by the page number followed by a colon and the paragraph number (e.g., Exh. A at 5:9 refers to OAH Decision page 5, finding of fact number 9). Other references to the OAH Decision are identified by just the page number (e.g., Exh. A at [page number]).

needs as a result of his late-diagnosed PKU and resulting brain damage, which makes him eligible for special education. Exh. A at 5:9.

SDUSD developed an individualized education program ("IEP") for Tyler for the 2006-2007 school year, dated August 30, 2006, to which Tyler's parents, Allison and Robert Brenneise, did not consent. SDUSD subsequently developed a second IEP for the 2006-2007 school year, dated December 4, 2006, to which Tyler's parents also did not consent. During the 2006-2007 school year, the Brenneises informed SDUSD that they did not agree with assessments conducted by SDUSD, and requested SDUSD to fund independent educational evaluations ("IEEs") of Tyler.

SDUSD responded by filing a due process request against Tyler and his parents on November 26, 2006, asserting that SDUSD had properly assessed Tyler and thus that SDUSD was not required to fund the IEEs. SDUSD amended its request on January 9, 2007, to add the claim that the December 4, 2006 IEP provided Tyler with a FAPE, as required by the IDEA, for the 2006-2007 school year. Exh. A at 2-4.

The Brenneises subsequently filed their own due process request in which they alleged that SDUSD denied Tyler a FAPE during the 2006-2007 school year because SDUSD failed to properly assess Tyler; failed to develop appropriate goals and objectives; improperly excluded Tyler's parents from participating in a plan to transition Tyler from his home placement to a public school placement; and, most importantly, failed to include an appropriate health care plan in either the December 4, 2006 IEP or the August 30, 2006 IEP, to address Tyler's G-Tube feedings. They alleged that without an appropriate health care plan in place, it was not physically safe for Tyler to attend school. Exh. A at 2-4. The two due process requests were consolidated and heard in a single 27-day hearing that took place in May, June and July of 2007. Exh. A at 2.

On October 3, 2007, the Office of Administrative Hearings ("OAH") issued a decision ("OAH Decision") finding in favor of Tyler and his parents, and against SDUSD, on both the transition issue and the failure to include an appropriate health care plan in both IEPs. The hearing officer specifically found that "the August 30 2006 IEP

did not provide Student a FAPE because it failed to include specialized physical health care services with respect to Student's G-Tube feedings **necessary for Student to attend school and access his education**." Exh. A at 50:225 (emphasis added). The hearing officer similarly found that, with respect to the December 4, 2006 IEP, "Student met his burden of proving that [SDUSD] failed to develop an appropriate health care plan **that would enable Student to attend school safely.**" Exh. A at 54:241.

With respect to the health care plan issue, the OAH Decision ordered, as a remedy, that the Student's December 4, 2006 IEP be modified to include the following language under the heading of health nursing services (page 2 of IEP): "G-Tube feeding will be scheduled to occur daily in the nurse's office. A school nurse will be present and will personally assist the student with the student's G-Tube feeding. The G-Tube feeding will occur at the time(s) and in the manner designated in a doctor's order form from Student's current physician. Student's mother will be responsible for providing the school nurse with a current doctor's order specifying the time(s) of the G-Tube feeding and the amount of formula to be used in the feeding(s), and for providing updated doctor's orders whenever there is any change in the G-Tube feedings." Exh. A at 74.

With respect to the transition issue, the OAH Decision ordered as a remedy that the Student's IEP transition plan in the December 4, 2006 IEP be modified to provide that: 1) "Student's mother as a participant in each of the collaboration meetings described in the transition plan . . .;" and 2) "until Student reaches phase four of the transition plan, Student's District-funded DIS services will continue with his current NPA providers and at his current levels of service, except for the services of ACES." Exh. A at 74.

As required by California Education Code section 56507(d), the hearing officer identified the Brenneises as the "prevailing party" on both these issues, while finding that SDUSD prevailed on the remaining issues. Exh. A at 75. It is from these adverse rulings that SDUSD has appealed.

Incredibly, in the same complaint in which SDUSD appeals the hearing officer's findings that it denied Tyler a FAPE for the 2006-2007 school year, SDUSD includes, as

its Second "Cause of Action",[2] a claim for attorneys' fees incurred by SDUSD in the administrative hearing against the Brenneises, their attorney, Steven Wyner, and the law firm of Wyner & Tiffany, on the grounds that the Brenneises' due process request was frivolous and/or that their attorney continued to litigate the case after it "clearly became frivolous." This motion seeks to have the Second Cause of Action dismissed with prejudice in its entirety.

SDUSD's complaint also includes a Third Cause of Action for declaratory relief against Tyler, Allison and Robert Brenneise, Steven Wyner, and the law firm of Wyner & Tiffany. The cause of action alleges, first, that SDUSD should not be compelled to contract with Tyler's current OT provider as ordered by the hearing officer, because the current OT provider is not a certified non-public agency. SDUSD thus requests a declaration that it need not do so. Complaint ¶ 33.

In addition, SDUSD alleges that Mr. Wyner filed a compliance complaint against SDUSD "on behalf of" the Brenneisses with the California Department of Education ("CDE") and that he subsequently sent a demand to SDUSD for payment of attorneys' fees and costs incurred by the Brenneisses in connection with filing that compliance complaint. Complaint ¶ 34. SDUSD seeks "a declaration that the IDEA's fee shifting provisions do not entitle a parent to reimbursement for fees and costs incurred in filing a compliance complaint with CDE." Complaint ¶ 35. Based on the nature of the allegations in the Third Cause of Action, it is evident that Mr. Wyner and the law firm of Wyner & Tiffany are not proper defendants with respect to that cause of action.

**II. LEGAL ARGUMENT**

---

[2] Rule 10 of the Federal Rules of Civil Procedure provides for the filing of "claims" rather than "causes of action."

### A. SDUSD's Cause of Action for Attorneys' Fees Against the Brenneisses and Their Attorney in Connection with a Due Process Proceeding in Which the Brenneisses Prevailed, is Frivolous

The IDEA provides that a prevailing parent is entitled to reasonable attorneys' fees. 20 U.S.C. § 1415(i)(3)(B(i)(I).  The IDEA also provides that an award of attorneys fees can be made to a prevailing school district "against the parent or the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation;" or "against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation."  20 U.S.C. § 1415(i)(3)(B(i)(II) & (III).  This is the same standard that applies to an award of attorneys' fees to a prevailing defendant in other types of civil rights litigation. *E.g.*, *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421 (U.S. 1978).

As the Ninth Circuit observed in *Barry v. Fowler,* 902 F.2d 770, 773 (9th Cir. 1990), "[a]ttorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances"  The Supreme Court has clarified that such an award may only be made if the complaint is meritless, which "is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case."  Accordingly, "[i]n applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421-422.

As the court observed in *Settlegoode v. Portland Pub. Schs,* 2002 U.S. Dist. LEXIS 20337 (D. Or. 2002), cases with findings of "frivolity" typically involve cases where "plaintiffs did not introduce **any evidence** to support their claims." (emphasis added).  By contrast, "where the plaintiffs introduced evidence sufficient to support their claims,

findings of frivolity typically do not stand." Thus, in *EEOC v. Bruno's Restaurant,* 13 F.3d 285 (9th Cir. 1992), the Ninth Circuit reversed a district court's award of attorneys' fees against the plaintiff EEOC, even though the district court found that the EEOC had presented **no credible evidence** in support of its position. The Ninth Circuit made clear that the test was not whether, in hindsight, the evidence was credible, but whether "the EEOC should have anticipated at the outset that none of its evidence of discriminatory conduct was credible." *Id.* at 290.

In this case, the hearing lasted 27 days. The OAH Decision is 75 pages long and includes 263 findings of fact. This alone is sufficient to defeat any claim that the positions taken by the Brenneises and their attorneys were frivolous. *See*, *Hughes v. Rowe*, 449 U.S. 5, 15 (U.S. 1980) (even though the plaintiff's allegations were dismissed for failure to state a claim, the fact that the district court gave them "careful consideration" indicates that they were not wholly frivolous).

Moreover, as the OAH Decision makes clear, as to every issue in dispute, the Brenneises presented a significant amount of evidence, including the testimony of numerous experts. Thus, for example, with respect to the appropriateness of SDUSD's assessments, the Brenneises' witnesses included Dr. Robert Patterson, a psychoeducational expert, Joanne Hein, a speech/language expert, and Lynne Thrope, a reading expert, all of whom criticized SDUSD's assessments. Exh. A at 7:17-10:29. Although the hearing officer ultimately concluded that SDUSD's assessments were appropriate (Exh. A at 10:32), it is indisputable that the Student's position on this issue was far from frivolous.

Indeed, SDUSD does not even allege that the due process request filed by the Brenneises was wholly frivolous – which it is difficult to do in the same complaint in which SDUSD is appealing two substantial issues on which the Brenneises prevailed. Instead, SDUSD recites a litany of complaints about the conduct of the Brenneises and their counsel before and during the underlying litigation, that have nothing whatever to do with the merits of the Brenneises' due process request. Indeed, some of the facts

alleged – such as "filing another due process complaint on a moot IEP," "filing a complaint with the California Department of Education," and "refusing to consent to an IEP for the current school year," – have nothing whatever to do with the merits of the underlying due process case on which SDUSD's cause of action for fees is premised.

However, this is not just a matter of a poorly pled complaint. The IDEA expressly provides that attorneys' fees may only be awarded to a **prevailing school district**. Under controlling Ninth Circuit law, it is beyond cavil that the Brenneises are the prevailing party in this litigation as a whole, and are thus entitled to an award of attorneys' fees against SDUSD. As the Ninth Circuit recently held in *Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1035 (9th Cir. 2006):

> That Appellants failed to prevail on all of their claims does not preclude a determination that they were the prevailing party. "[T]he prevailing party inquiry does not turn on the magnitude of the relief obtained." *Hobby*, 506 U.S. at 111, 113-14 (holding that even an award of nominal damages confers prevailing party status and explaining that a "prevailing party" need only "obtain an enforceable judgment against the defendant from whom fees are sought"). Accordingly, a prevailing party need not succeed on all issues, but only on " 'any significant issue.' " *Parents of Student W.*, 31 F.3d at 1498 (emphasis added) (quoting *Hensley*, 461 U.S. at 433).

Thus, it is perfectly clear that even if a parent does not prevail on all of their claims, they can still be considered the prevailing party in the litigation as a whole if they prevail on even one "significant issue" and obtain an enforceable judgment.

Both the transition issue and the health plan issue, on which the Brenneises prevailed, are significant. Indeed, it is difficult to imagine an issue more significant than whether the IEP fails to include services that are necessary to avoid inflicting permanent brain damage on a student. Indeed, if the IEP does not include services necessary to preserve the student's health and safety, it makes little difference whether the goals and objectives in the IEP are appropriate because the IEP cannot be implemented if the student is unable to attend school.

1   It is also beyond dispute that the Brenneises obtained an enforceable judgment
2  against SDUSD, which is the subject of SDUSD's appeal in this action. Accordingly,
3  under *Park*, the Brenneises are "the prevailing party" in the litigation as a whole, and are
4  thus entitled to an award of attorneys' fees against SDUSD.
5   Obviously, neither the Brenneises nor their attorney can be faulted for filing a due
6  process request on which they substantially prevailed, nor can their attorney be blamed
7  for continuing the litigation to a conclusion that resulted in a victory for the Brenneises.
8  Indeed, because the law clearly and unequivocally provides that it is the Brenneises who
9  are the prevailing party in the litigation as a whole, and they are thus entitled to an award
10 of attorneys' fees against SDUSD, SDUSD's claim for attorneys' fees against the
11 Brenneises and their attorney must be dismissed with prejudice.

### B. SDUSD Has Improperly Named Steven Wyner and Wyner & Tiffany as Defendants with Respect to the Third Cause of Action

14  SDUSD's Complaint improperly identifies Steven Wyner and the law firm of
15 Wyner & Tiffany as parties against whom SDUSD is seeking declaratory relief in the
16 Third Cause of Action. With respect to the order in the OAH Decision that SDUSD
17 provide OT services through Tyler's current providers, neither Mr. Wyner nor the law
18 firm of Wyner & Tiffany were parties in the due process proceeding. The remedy
19 ordered by the hearing officer was for the benefit of Tyler and his parents, not Mr. Wyner
20 or the law firm of Wyner & Tiffany. Thus, they do not have a personal right to enforce
21 that decision as against SDUSD. Rather, insofar as they would bring an action on behalf
22 of the Brenneises to enforce the order in the OAH Decision, they would do so only as the
23 legal representatives of Tyler and his parents.
24  As the Supreme court stated in *Maryland Casualty Co. v. Pacific Coal & Oil Co.*,
25 312 U.S. 270, 273 (1941), "Basically, the question in each case is whether . . . there is a
26 substantial controversy, **between parties having adverse legal interests**, of sufficient
27 immediacy and reality to warrant the issuance of a declaratory judgment." (emphasis
28 added). Because neither Mr. Wyner nor the law firm of Wyner & Tiffany has a legal

interest with respect to the remedies ordered by the hearing officer, they are not proper parties to be named as defendants in a declaratory judgment claim. Indeed, it is wholly improper to seek a declaratory judgment against an attorney to prohibit the attorney from representing a client with respect to rights that the client possesses and which the client might wish to pursue.

Similarly, as clearly stated in SDUSD's complaint, Steven Wyner and the law firm of Wyner & Tiffany, filed the compliance complaint at issue with the CDE **on behalf of the Brenneises** – not on their own behalf. Complaint ¶ 34. Accordingly, it is the Brenneises – not Steven Wyner or the law firm of Wyner & Tiffany – that have standing as prevailing parties in the CDE compliance complaint to seek reimbursement of their attorneys' fees from SDUSD. *Lucht v. Molalla River Sch. Dist.*, 225 F.3d 1023 (9th Cir. 2000) (holding that the CDE compliance complaint process is a "proceeding" under the IDEA for which prevailing parents are entitled to reimbursement of attorneys' fees). Once again, it is wholly improper to seek a declaratory judgment against an attorney to prevent the attorney from representing a client who is seeking to enforce that client's legal rights.

## III. CONCLUSION

It is oxymoronic for a school district to appeal a decision in favor of the parents and, in the same complaint, include a claim for attorneys' fees on the grounds that the complaint on which the parents prevailed was "frivolous, unreasonable, or without foundation." Given that the Brenneises prevailed on their claim that SDUSD denied Tyler a FAPE for the 2006-2007 school year, SDUSD's cause of action for attorneys' fees is, itself, frivolous, unreasonable and without foundation. Accordingly, this court should dismiss SDUSD's Second Cause of Action with prejudice.

It is equally improper for SDUSD to name Steven Wyner and the law firm of Wyner & Tiffany as defendants with respect to its Third Cause of Action for Declaratory Relief because declaratory relief is only appropriate as between parties who have adverse

legal interests. Accordingly, this claim should be dismissed as against Steven Wyner and the law firm of Wyner & Tiffany with prejudice.

In addition to dismissing the Second Cause of Action in its entirety and the Third Cause of Action as to Steven Wyner and the law firm of Wyner & Tiffany, this court should consider issuing an order to show cause why SDUSD should not be sanctioned under Rule 11 of the Federal Rules of Civil Procedure for filing claims that are frivolous, unreasonable, wholly devoid of factual foundation, legally indefensible and have needlessly increased the cost of the litigation.  Indeed, it is difficult to see what purpose SDUSD sought to achieve by naming the attorney for the Brenneises as a defendant in this action except to harass the Brenneises and retaliate against their counsel for defending the civil rights of Tyler and his parents.

Dated: March 12, 2008

Respectfully submitted,

*Wyner & Tiffany*
ATTORNEYS AT LAW

By: /s/ Marcy J.K. Tiffany
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of 18 and that I am not a party to this action. On March 12, 2008, I served this NOTICE OF MOTION AND MOTION TO DISMISS SECOND CAUSE OF ACTION AGAINST ALL PARTIES WITH PREJUDICE; TO DISMISS THIRD CAUSE OF ACTION AGAINST STEVEN WYNER AND WYNER AND TIFFANY WITH PREJUDICE; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF on the San Diego Unified School District by serving their counsel of record electronically, having verified on the court's CM/ECF website that such counsel is currently on the list to receive emails for this case, and that there are no attorneys on the manual notice list.

Dated: March 12, 2008                                             /s/ Dana H. Wilkins