SUE ANN SALMON EVANS, State Bar No. 151562
sevans@mbdlaw.com
AMY R. LEVINE, State Bar No. 160743
alevine@mbdlaw.com
SARAH L. W. SUTHERLAND, State Bar No. 239889
ssutherland@mbdlaw.com
MILLER BROWN & DANNIS
Symphony Towers
750 B Street, Suite 2310
San Diego, CA 92101
Telephone: (619) 595-0202
Facsimile: (619) 702-6202

Attorneys for Plaintiff
SAN DIEGO UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO UNIFIED SCHOOL DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>T.B., a minor, ALLISON BRENNEISE and ROBERT BERNNEISE, his parents, STEVEN WYNER and WYNER and TIFFANY,<br><br>Defendants. | Case No. 08 CV 0039 WQH (WMc)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CLAIMS TWO AND THREE**<br><br>Date : April 24, 2008<br>Time : 10:00 a.m.<br>Dept : Courtroom 4<br>Judge : Hon. William Q. Hayes<br><br>**Trial:**      None Set<br><br>**Complaint Filed:**   January 4, 2008 |

TABLE OF CONTENTS

Page

I. PREVAILING PARTY DETERMINATION IS PREMATURE, SUCH THAT IT CANNOT SUPPORT A MOTION TO DISMISS .......................................................... 1

II. PARTIALLY PREVAILING PARTIES IN CIVIL RIGHTS ACTIONS CAN BE AWARDED REASONABLE ATTORNEYS' FEES ......................................................... 3

III. DEFENDANTS' MOTION IMPERMISSIBLY ARGUES THE MERITS OF THE DISTRICT'S CLAIMS INSTEAD OF FAILURE TO STATE A CLAIM ............. 4

IV. STEVEN WYNER AND WYNER AND TIFFANY ARE APPROPRIATE DEFENDANTS IN THE THIRD CAUSE OF ACTION ................................................. 8

V. CONCLUSION .................................................................................................... 12

MILLER BROWN & DANNIS
SYMPHONY TOWERS
750 B STREET, SUITE 2310
SAN DIEGO, CA 92101

LB 107520v1

i

TABLE OF CONTENTS

TABLE OF AUTHORITIES

Page

**Cases**

*Aetna Life Ins. Co. v. Alla Medical Services, Inc.*,
  855 F.2d 1470 (9th Cir. 1988) ................................................................................5

*Associated Indem. Corp. v. Fairchild Industries, Inc.*,
  961 F.2d 32 (2nd Cir. 1992) ..................................................................................11

*Balistreri v. Pacifica Police Department*,
  901 F.2d 696 (9th Cir. 1990) ..................................................................................4

*Clark v. United Parcel Service, Inc.*,
  460 F.3d 1004 (8th Cir. 2006) ................................................................................5

*Cruz v. Beto*,
  405 U.S. 319 (1972) ................................................................................................4

*E.E.O.C. v. Peabody Western Coal Co.*,
  400 F.3d 774 (9th Cir. 2005) ............................................................................9, 10

*Hawkins v. Berkeley Unified School Dist.*,
  Slip Copy (N.D.Cal. 2008) 2008 WL 681880 .......................................................7

*Hudson v. Moore Business Forms, Inc.*,
  836 F.2d 1156 (9th Cir. 1987) ................................................................................5

*Hughes v. Rowe*,
  449 U.S. 5 (1980) ....................................................................................................7

*Landscape Contractors Council of Northern California*,
  790 F.2d 1421 (9th Cir. 1986) ................................................................................5

*Levin Metals Corp. v. Parr-Richmond Terminal Co.*,
  860 F.2d 344 (9th Cir. 1988) ................................................................................11

*Martin v. Wilks*,
  490 U.S. 755 (1989) ................................................................................................9

*People of State of N.Y. by Abrams v. 11 Cornwell Co.*,
  718 F.2d 22 (2nd Cir. 1983) ...................................................................................3

*Richards v. Jefferson County, Ala.*,

TABLE OF AUTHORITIES

MILLER BROWN & DANNIS
SYMPHONY TOWERS
750 B STREET, SUITE 2310
SAN DIEGO, CA 92101

LB 107520v1

517 U.S. 793 (1996) ......................................................................................................9

*Shermoen v. United States*,
982 F.2d 1312 (9th Cir. 1992) .................................................................................9

*Stewart v. American Int'l Oil & Gas Co.*,
845 F.2d 196 (9th Cir. 1988) ....................................................................................5

*Taylor P. ex rel. Chris P. v. Missouri Dept. of Elementary and Secondary Educ.*,
Slip Copy (W.D.Mo. 2007) 2007 WL 869502 ........................................................6

*V.S. ex rel. A.O. v. Los Gatos-Saratoga Joint Union High School Dist.*,
484 F.3d 1230 (9th Cir. 2007) .................................................................................1

*Venegas v. Mitchell*,
495 U.S. 82 (1990) .................................................................................................11

*Venegas v. Skaggs*,
867 F.2d 527 (9th Cir. 1989) .................................................................................11

*Washington v. Seattle School District No. 1*,
458 U.S. 457, 102 S.Ct. 3187 (1982) ...................................................................2, 3

*Yellowstone County v. Pease*,
96 F.3d 1169 (9th Cir. 1996) ...................................................................................8

**Statutes**

20 U.S.C. section 1415 ...................................................................................1, 2, 4

California Education Code section 56507 ..................................................................1

California Education Code section 56329 ..................................................................2

California Education Code section 56346 ..................................................................2

**Rules**

Federal Rule of Civil Procedure 19 ..............................................................................9

Federal Rule of Civil Procedure 20 ..............................................................................8

Miller Brown & Dannis
Symphony Towers
750 B Street, Suite 2310
San Diego, CA 92101

Defendants' motion to dismiss should be denied in its entirety because: one, any prevailing party status determination is premature, and thus cannot support dismissal at this juncture; two, the District, even if eventually only partially successful, is statutorily entitled to seek fees in this action; three, Defendants' motion impermissibly argues the merits of the District's claim for attorneys' fees; and four, Steven Wyner and Wyner and Tiffany are necessary defendants to accord full relief in the District's Third Cause of Action.

## I. PREVAILING PARTY DETERMINATION IS PREMATURE, SUCH THAT IT CANNOT SUPPORT A MOTION TO DISMISS

Defendants first argue that Plaintiff's claim for attorneys' fees should be dismissed because the Administrative Law Judge ("ALJ") in the underlying due process hearing designated the student as prevailing party on two of the sixteen issues raised by Defendants in their January 29, 2007 due process complaint. This argument is simply not persuasive, for the following reasons.

First, a California hearing officer's designation of prevailing party status is not dispositive in itself as to whether a party is entitled to attorney fees under the IDEA, given that attorneys' fees may be only awarded pursuant to an agreement by the parties or by a court of competent jurisdiction, and not by the ALJ. (20 U.S.C. § 1415(i)(3)(B); Cal.Educ.Code § 56507(b)(1); *V.S. ex rel. A.O. v. Los Gatos-Saratoga Joint Union High School Dist.*, 484 F.3d 1230, 1233 fn. 2 (9th Cir. 2007)). Thus, Defendants' are not entitled to rely on the ALJ's determination that they prevailed on any issues for purposes of this motion.

Second, every determination made by the ALJ is currently on appeal to this Court by one party or the other, including those which Defendants claim in their motion as the basis for their prevailing status. More specifically, whether or not "the transition issue and the health plan issue" are significant, as Defendants claim, has yet to be determined. (MTD, p. 9, 21-22). Defendants assertion that neither they "nor … their attorney [can] be blamed for continuing the litigation to a conclusion that resulted in a victory for the Brenneises" is simply false. The Brenneises have not received any of the relief they sought at the hearing and therefore did not achieve a victory. In any case, at this juncture, prevailing party status cannot be determined, nor

1

any concomitant right to reasonable attorneys' fees, before the District's claim here and the Brenneise's First Claim for Relief in *Tyler Brenneise, Allison Brenneise and Robert Brenneise v. San Diego Unified School District*, United States District Court for the Southern District of California, Case No. 08 CV 0028 are resolved.

Third, it appears from Defendants' moving papers that they have entirely forgotten that two separate filings were adjudicated during the 27 day due process hearing, one in which they were petitioner, and one in which they were respondent. The District filed for due process first, in November and December 2006, to discharge its obligation of demonstrating the propriety of its triennial assessment of T.B. and educational programming offer to T.B., given his parents refusal to consent. (Cal. Educ. Code §§ 56329, 56346(f).) Defendants then filed a twenty one page due process request, on the eve of the District's hearing, and sought consolidation of that filing with the District's already pending filing. Defendants' January 29, 2007 filing pled sixteen claims involving the same school year contemplated by the District's filing.[1] Their filing also proposed multiple resolutions, including reimbursement for all educational materials and teaching supplies purchased by T.B.'s parents, drastic modification to all aspects of the District's educational programming offer to T.B., compensatory education for T.B. in all areas until such time as T.B. is functioning at grade level, a salary for T.B.'s mother, 15 hours a week of direct services from a credentialed special education teacher, 5 hours per week of case management services, and reimbursement for approximately eight independent evaluations obtained by T.B.'s parents. Thus, because of the scope of the issues litigated and the remedies sought, Defendants cannot be presumed to have prevailed merely because they obtained rulings in their favor in the underlying due process hearing on two issues.

To the contrary, if the District is deemed to have prevailed in the due process hearing because of its overall success, it would be entitled to fees as a prevailing party. (20 U.S.C. §§ 1415(i)(3)(B)(II)-(III). *See also, Washington v. Seattle School District No. 1,* 458 U.S. 457, 102 S.Ct. 3187, 3204 n. 31 (1982) (Supreme Court affirmed an award of attorney's fees to public

---

[1] The ALJ identified 18 issues between the parties, and found that the District prevailed on 15 of them.

school districts that had prevailed in their suit against the state, relying on the wording of section 1988 and the absence of any legislative history precluding fee awards to prevailing school district plaintiffs); *People of State of N.Y. by Abrams v. 11 Cornwell Co.*, 718 F.2d 22, 24-25 (2nd Cir. 1983) (Though section 1988 contemplated primarily suits initiated by private citizens, a prevailing government plaintiff is no less eligible under 1988 because a government plaintiff can frequently be expected to advance the congressional purpose of enforcing civil rights statutes.).) In approving an award of attorneys' fees to local school districts in *Washington*, the Supreme Court noted that school districts, in fact public entities generally, have limited budgets and allowing them fees encourages proper compliance with and enforcement of civil rights laws. (*Washington v. Seattle School District No. 1, supra*, 102 S.Ct. at 3204 n. 31.) The same applies here, precluding dismissal.

## II. PARTIALLY PREVAILING PARTIES IN CIVIL RIGHTS ACTIONS CAN BE AWARDED REASONABLE ATTORNEYS' FEES

Defendants also seem to argue that as long as they partially prevail on any significant claim, the District would be entirely foreclosed, as a matter of law, from seeking any attorneys' fees, regardless of the frivolity or unreasonableness of any other claims, complaints, or causes of action and regardless of the behavior of Defendants' and their attorneys in these procedings. As an example, Defendants' motion asserts that the District cannot be considered a prevailing party because "it is beyond cavil that the Brenneises are the prevailing party in this litigation as a whole..." (MTD p.9, ln5-8 (emphasis added)). Besides the fact Defendants cite no law which precludes a partially prevailing school district from seeking fees, this statement is belied by the fact the Brenneises have filed their own appeal seeking review of the fifteen issues on which they did not prevail. (See *Tyler Brenneise, Allison Brenneise and Robert Brenneise v. San Diego Unified School District*, Case No. 08 CV 0028). This anomaly begs the question: if the Brenneises were prevailing parties as a whole in the entire litigation, and entitled to an award against the District of the attorneys' fees incurred as their counsel now contends, why did they appeal?

The District is statutorily entitled to seek reasonable attorneys' fees in this case. Prior to

its reauthorization in December 2004 (effective July 1, 2005), the IDEA only allowed prevailing parents to collect attorneys' fees from losing school districts. That is no longer the case. The IDEA now provides:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs-
>
> (II) to a prevailing party who is a . . . local educational agency *against the attorney of a parent* who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or *against the attorney of a parent* who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or
>
> (III) to a prevailing . . . local educational agency *against the attorney of a parent, or against the parent*, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation

(20 U.S.C. §§ 1415(i)(3)(B)(i)(II)-(III)(emphasis added).) While the facts demonstrating this entitlement and the reasonableness of amounts sought are obviously subject to proof, such statutory authorization precludes dismissal here, where the District has pled sufficient facts in its complaint to state a claim for attorneys' fees under the IDEA.

### III. DEFENDANTS' MOTION IMPERMISSIBLY ARGUES THE MERITS OF THE DISTRICT'S CLAIMS INSTEAD OF FAILURE TO STATE A CLAIM

Not only does Defendants' motion fail to establish any "lack of a cognizable legal theory," as discussed above, it also fails to establish any "absence of sufficient facts alleged under [that] cognizable legal theory." (*Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).) On the contrary, it acknowledges the District has plead a "litany of complaints" entitling it to attorneys fees under the IDEA. (MTD, p.8, ln26). And, since the allegations of the complaint are taken to be true for purposes of a motion to dismiss, they must be taken as true here. (*Cruz v. Beto,* 405 U.S. 319, 322 (1972).) In fact, Defendants never once allege the District failed to plead sufficient facts, but instead, summarily dismiss those facts based on the prevailing party assertions discussed above.

Miller Brown & Dannis
Symphony Towers
750 B Street, Suite 2310
San Diego, CA 92101

Defendants assert that the District is only entitled to fees if the family's January 29, 2007 due process complaint was entirely frivolous. (MTD, p.8, ln27-28, p.9, ln1-4 "some of the facts alleged ... have nothing whatever [sic] to do with the merits of the underlying due process case on which SDUSD's cause of action for fees is premised.") However, as Defendants concede, the District's claim for attorneys' fees is not solely premised on the claims advanced by the family and their attorneys in their January 2007 due process complaint, but also upon its own filing which the family defended without justification, the family's filings after the due process hearing was concluded, and "a litany of complaints about the conduct of the Brenneises and their counsel before and during the underlying litigation." (MTD, p.8, lines 26-28).

More importantly, frivolousness as a whole is not the standard, even under the more stringent Rule 11. Instead, groundless claims included in a pleading for the purpose of harassment can justify sanctions even if the entire pleading is not frivolous and not for an improper purpose. (*See e.g. Hudson v. Moore Business Forms, Inc.*, 836 F.2d 1156, 1163 (9th Cir. 1987).) Also sanctionable under Rule 11 is the filing of meritless claims for tactical reasons, even though the entire filing was not meritless. (*See e.g. Stewart v. American Int'l Oil & Gas Co.*, 845 F.2d 196, 201 (9th Cir. 1988); *Huettig & Schromm, Inc. v. Landscape Contractors Council of Northern California*, 790 F.2d 1421, 1427 (9th Cir. 1986).) Moreover, a motion or opposition filed for the sole purpose of delay is also sanctionable under Rule 11. (*Clark v. United Parcel Service, Inc.*, 460 F.3d 1004, 1010-1011 (8th Cir. 2006).) Finally, the filing of successive motions, even if each is well grounded in fact and law, may also be sanctionable as harassment under Rule 11. (*See e.g. Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1476-1477 (9th Cir. 1988) ("There comes a point when successive motions and papers become so harassing and vexatious that they justify sanctions even if they are not totally frivolous ... the cumulative effect of the Defendants' litigation tactics could indicate the motion was filed for an improper purpose.").) Obviously actions that meet this higher standard would also entitle a defendant to attorneys' fees under civil rights fee shifting statutes, and the fact the District has alleged some of this very conduct precludes dismissal here.

5

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CLAIMS THREE AND FOUR; CASE NO. 08 CV 0039 WQH (WMc)

There are just a few cases analyzing the confines of a school district's right to attorneys' fees in the IDEA context, likely given the newness of those provisions. In *Taylor P. ex rel. Chris P. v. Missouri Dept. of Elementary and Secondary Educ.*, Slip Copy (W.D.Mo. 2007) 2007 WL 869502, *1, the parents filed a complaint to challenge the result of a eight day due process hearing they initiated in which they partially prevailed. In response, the school district counterclaimed for attorneys' fees against the parents and their former attorneys under 20 U.S.C. §§ 1415(i)(3)(B)(i)(II)-(III). *Ibid*. In refusing to grant the parents' motion to dismiss the counterclaim for attorneys' fees, the court first acknowledged a claim "should not be dismissed for failure to state a claim unless it appears beyond doubt that the [claimant] can prove no set of facts to warrant a grant of relief." *Id.*, at *6 (internal citations omitted). The court also denied the parents' former attorneys' subsequently filed motion to dismiss the district's counterclaim for fees on these same grounds. (*Taylor P. ex rel. Chris P. v. Missouri Dept. of Elementary and Secondary Educ.*, Slip Copy (W.D.Mo. 2007) 2007 WL 2360061, *1, *6.)

The parents in *Taylor P.* argued the school district's counterclaim for attorneys' fees "must be dismissed because the District has not alleged any facts supporting the second prong of the inquiry laid out in Section 1415(i)(3), namely … an improper purpose." (*Taylor P., supra*, 2007 WL 869502, *6.) While the parents acknowledged "the Counterclaim explicitly allege[d] improper motive," they argued "a well-pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts." *Ibid*. (internal citations and quotations omitted). After analyzing these arguments in the context of the IDEA, the court held:

> At this early stage in the litigation, the Court cannot say that the District will be unable to prove any set of facts demonstrating an improper purpose on the part of Taylor's parents. This fact-intensive inquiry is more properly resolved at summary judgment. The Motion to Dismiss the Counterclaim against the Parents is therefore denied.

Defendants' motion is likewise premature here, in light of the fact intensive nature of the inquiry into improper motive. That Defendants' motion is premature is especially true given the fact the District has also appealed all adverse findings upon which Defendants now rely in effort to establish the alleged failure to state a claim. It very well may be that at the conclusion of this

6

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CLAIMS THREE AND FOUR; CASE NO. 08 CV 0039 WQH (WMc)

LB 107520v1

litigation, the District will have prevailed on all sixteen allegations Defendants raised at the due process hearing.

In *Hawkins v. Berkeley Unified School Dist.*, Slip Copy (N.D.Cal. 2008) 2008 WL 681880, a California district court recently held a partially prevailing defending school district could be entitled to fees under the IDEA. In *Hawkins*, as here, the attorney's primary argument was that, as a matter of law, the district could not recover fees because the student prevailed, at least in part, at the administrative hearing. *Id.*, at *7. In determining "whether an educational agency in an IDEA case may be awarded fees if it is only partially successful" in defending itself at a due process hearing, the court held that, "even where a plaintiff is partially successful, a defendant may still be able to recover fees on plaintiff's unsuccessful claims under 42 U.S.C. § 1988 if such claims are unrelated to the successful claims and are frivolous." *Id.*, at *5, *7. Here, the District has pled unsuccessful, unrelated claims in its complaint, and also appealed all adverse determinations. That alone is sufficient to withstand this motion.

Defendants attempt to preclude this Court from reaching the merits of the District's complaint by arguing the length of the due process hearing and decision alone defeats the District's claim for fees. (MTD, p.8, lns 8-13). For authority, Defendants cite to *Hughes v. Rowe*, 449 U.S. 5, 15-16 (1980). However, Defendants fail to acknowledge that the plaintiff in *Hughes* was a prisoner unrepresented by counsel, and also fail to acknowledge that the Court in *Hughes* based its decision on this fact:

> These [*Christiansburg*] limitations apply with special force in actions initiated by uncounseled prisoners. Faithful adherence to the principles of *Haines v. Kerner* dictates that attorney's fees should rarely be awarded against such plaintiffs. The fact that a prisoner's complaint, even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees. An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.

Quite the contrary in this case, where:

> Student's mother was not an unsophisticated individual who might be confused …. Instead, she is astute, dedicated and well-versed in special education procedures. She acts as an advocate

7

> for other parents in special education matters, and was represented … by one of the most respected special education attorneys in the field.

(OAH Decision, p.7, ¶18). The District is thus entitled, as a matter of law, to an inquiry of its claims on the merits.

## IV. STEVEN WYNER AND WYNER AND TIFFANY ARE APPROPRIATE DEFENDANTS IN THE THIRD CAUSE OF ACTION

Defendants Steven Wyner and Wyner and Tiffany claim that they should be dismissed as parties from the third cause of action for declaratory relief, asserting that such claims should proceed solely against their clients, the Brenneises. However, Steven Wyner and Wyner and Tiffany are appropriate defendants here and should not be dismissed. Defendants' repeated assertion that the District is seeking "declaratory judgment against an attorney to prohibit the attorney from representing a client with respect to rights that the client possesses which the client might wish to pursue" is entirely baseless. E.g. p.11, ln 2-5, 14-17.

Federal Rules of Civil Procedure, Rule 20(a) allows a plaintiff to join persons as defendants "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Under Rule 19(a):

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction … shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

If either condition one or two of Rule 19(a) applies, the person is a necessary party. (*Yellowstone County v. Pease*, 96 F.3d 1169, 1172 (9th Cir. 1996).)

Here, the District received a demand from Defendants Steven Wyner and Wyner and

8

Tiffany seeking to collect their attorneys' fees for a compliance compliant that they filed on behalf of the Brenneises. The demand included an invoice from Wyner and Tiffany which appeared to have already been billed the Brenneises. The District filed an action for declaratory relief under 28 U.S.C. section 2201 against the student, the parents, and the attorneys to determine its liability to any of them for the attorneys' fees sought. The District did not know when it filed its action (and still does not know) what the fee arrangement is between the attorneys and the family, including whether the right to attorneys fees has been assigned from the family to the attorneys, whether the attorneys hold a lien for the fees, and whether any of the fees that were claimed have already been paid by the family.

The primary purpose of Rule 19(a) is to assure that any judgment rendered will provide complete relief to the existing parties and prevent repeated lawsuits on the same subject matter. (*E.E.O.C. v. Peabody Western Coal Co.*, 400 F.3d 774, 780 (9th Cir. 2005).) Nonparties are not bound by a judgment even if they knew of the suit and could have intervened: "Joinder as a party, rather than knowledge of a lawsuit and an opportunity to intervene, is the method by which potential parties are subjected to the jurisdiction of the court and bound by a judgment or decree." (*Martin v. Wilks*, 490 U.S. 755, 765 (1989); *see also, Richards v. Jefferson County, Ala.*, 517 U.S. 793, 798 (1996).) Complete relief cannot be afforded without Steven Wyner and Wyner and Tiffany being bound by the judgment.

In fact, absent parties must be joined if they *claim an interest* in the subject of the action and are so situated that disposing of the action in the person's absence "may *as a practical matter* impair or impede the person's ability to protect the interest." Fed.R.Civ.Pro., Rule 19(a)(1)(B)(i) (emphasis added). The absent party need not possess an actual interest relating to the subject of the action and there is no need to show that the action will in fact harm his interest. It is sufficient that the adjudication may detrimentally affect the nonparty's rights. (*Shermoen v. United States*, 982 F.2d 1312, 1317-18 (9th Cir. 1992) ("Just adjudication of claims requires that courts protect a party's right to be heard and to participate in adjudication of a claimed interest, even if the dispute is ultimately resolved to the detriment of that party").)

Further, by definition, the persons to be joined under Rule 19 "are those against whom

9

no relief has formally been sought but who are so situated as a practical matter as to impair either the effectiveness of relief or their own or present parties' ability to protect their interests." (*Peabody Western Coal Co.*, at 783.) In fact, "a plaintiff's inability to state a direct cause of action against an absentee does not prevent the absentee's joinder under Rule 19." *Id.*, at 781. Instead, "'a person may be joined as a party ... for the sole purpose of making it possible to accord complete relief between those who are already parties, even though no present party asserts a grievance against such person.'" *Ibid.*

Thus, for example, in *Peabody Western Coal Co.*, the EEOC sued the coal company for employment discrimination in violation of Title VII, claiming it maintained a hiring preference favoring Navajo Tribe members. The company claimed this preference was required under the terms of its mining lease with the Tribe, and moved to dismiss because the Tribe had not been joined. Even though the Tribe was exempt under Title VII and therefore no relief could be granted against it, the court held that as a matter of law, the Tribe's joinder was "necessary to effect complete relief between the parties" because otherwise the Tribe would not be bound by the judgment, and the company would face potentially conflicting obligations to the Tribe, to the EEOC, and to the non-Navajo tribes it represented. *Id.*, at 783-785. In other words, even though the judgment would not bind the Tribe in the sense that it would directly order it to perform or refrain from performing any acts, it would preclude the Tribe from bringing a later collateral challenge to the judgment. *Id.*, at 780.

Here, there is no dispute that the Brenneises are proper defendants. It is also apparent that their attorneys, Steven Wyner and Wyner and Tiffany, are claiming an interest in the subject of the action, as their fees are bound up in it. After all, it was the Brenneises' attorneys who demanded attorneys' fees from the District. Depending on whether or not this Court determines that fees are even available for pursuit of a compliance complaint, and depending on their fee arrangement with their clients, the attorneys may or may not get paid by the District. For example, if the attorneys agreed to only collect fees from the District, and not from the family, it is the attorneys alone who have a practical interest in pursuing this issue. Alternatively, if the family has already paid some or all of the fees billed by the attorneys, they

10

both have a practical interest in recovering the fees from the District. Further, if this issue is litigated against the family alone, the family may be subject to double, multiple, or otherwise inconsistent obligations if the attorneys believe that the family, and not the District, is ultimately responsible for payment of the fees. Thus, because effective relief cannot be granted without them, Steven Wyner and Wyner and Tiffany are proper, necessary defendants.

This makes even more sense in the declaratory relief context, since the purpose of that type of action is to adjudicate the rights of all persons who do or may potentially claim an interest in the subject of the action. Indeed, 28 U.S.C. section 2201 allows the court to "declare the rights and the other legal relations of any interested party seeking such a declaration *whether or not further relief is or could be sought*." (Emphasis added.) Thus, a declaratory relief claim may be proper even if a party's liability is contingent. For example, declaratory relief is frequently granted to insurers in coverage disputes with their insureds, even though the insurer's liability to indemnify the insured is contingent on its insured being held liable to a third party. (*Associated Indem. Corp. v. Fairchild Industries, Inc.*, 961 F.2d 32, 35 (2nd Cir. 1992); *Maryland Cas. Co. v. Hubbard*, 22 F.Supp. 697 (C.D. Cal. 1938); see also, *Levin Metals Corp. v. Parr-Richmond Terminal Co.*, 860 F.2d 344, 346 fn. 1 (9th Cir. 1988) ("all persons who have an interest in determination of the questions raised in the declaratory judgment suit should be before the court").)

Likewise here, the attorneys may or may not have a stake in the fees being sought, and that stake may be dependent upon the parents' ability to recover fees from the District. To the extent the attorneys (or the family) are now or may some day claim to recover these fees against the District, they are all properly parties to this proceeding. (See, e.g., *Venegas v. Skaggs*, 867 F.2d 527 (9th Cir. 1989) (allowing attorney to intervene in civil rights action in order to establish lien for fees), *affirmed sub nom., Venegas v. Mitchell*, 495 U.S. 82 (1990).) The fact the Brenneises have now amended their complaint in Case No 08 CV 0029 to affirmatively seek the attorneys fees they incurred in filing the compliance complaint supports the need for Steven Wyner and Wyner and Tiffany to be bound by the judgment in the instant case.

Nonetheless, to the extent all the defendants are in agreement that only the family will

ever seek these fees against the District, and the Court so rules, the District will amend its complaint to dismiss the attorneys from this cause of action for declaratory relief.

## V. CONCLUSION

For the foregoing reasons, the District respectfully requests that this Court deny Defendants' motion to dismiss the Second and Third Causes of Action. In the alternative, it requests leave to amend.

DATED: April 10, 2008                    MILLER BROWN & DANNIS


By: _____
SUE ANN SALMON EVANS
AMY R. LEVINE
SARAH L. W. SUTHERLAND
Attorneys for Plaintiff
SAN DIEGO UNIFIED SCHOOL DISTRICT