*Wyner & Tiffany*
Attorneys at Law
Steven Wyner (SBN 77295)
swyner@specialedlaw.org
Marcy J.K. Tiffany (SBN 78421)
mtiffany@specialedlaw.org
970 W. 190th Street, Suite 302
Torrance, California 90502
Phone: (310) 225-2880
Fax: (310) 225-2881
Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO UNIFIED SCHOOL DISTRICT,<br><br>           Plaintiff,<br><br>v.<br><br>T.B., a minor, ALLISON BRENNEISE and ROBERT BRENNEISE, his parents, STEVEN WYNER, and WYNER AND TIFFANY,<br><br>           Defendants. | Case No.:  08 CV 0039 WQH (WMc)<br><br>REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND AND THIRD CAUSES OF ACTION<br><br>HON. WILLIAM Q. HAYES<br><br>Place: Courtroom 4, Fourth Floor<br>Date:   April 24, 2008<br>Time:   10:00 a.m.<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

## I. THE DISTRICT HAS NOT ALLEGED FACTS SUFFICIENT TO STATE A CLAIM FOR FEES AGAINST THE BRENNEISES' ATTORNEYS[1]

### A. The District Cannot Recover Attorneys' Fees From The Brenneises' Attorneys for Claims on Which the Brenneises Prevailed at Hearing

The District argues that even though the Brenneises prevailed in the due process hearing, if the District is successful in its appeal, "it would be entitled to fees as a prevailing party." Opposition at 2:23-24. This argument reflects a fundamental misunderstanding of the case law. Neither of the cases cited by the District involved a request for attorneys' fees under the IDEA. Rather, both involved a request for attorneys' fees under 42 U.S.C. § 1988, which provides that in any action to enforce civil rights statutes, the "prevailing party" is entitled to attorneys' fees. The issue in these cases was whether, in the unique situation where a state entity is the plaintiff in an action to enforce a civil rights statute, the state entity could be considered a "prevailing party" as that term is used in section 1988.

Thus, in *People of State of N.Y. by Abrans v. 11 Conwell C.*, 718 F.2d 22 (2nd Cir. 1983), a state that successfully filed suit "as parents patriae, on behalf of its mentally retarded citizens," was held to be a "prevailing party" for purposes of section 1988. Similarly, *Washington v. Seattle School District No. 1*, 458 U.S. 457 (1982), involved a

---

[1] The District's "cause of action" for attorney's fees was filed against both the Brenneises and their attorneys. However, the statute is clear that in order to obtain attorneys' fees from the parent, as opposed to their counsel, a school district must show that the parent's complaint was not merely frivolous, but was also filed with improper intent. Thus, even if the complaint properly stated a claim against the Brenneises' counsel for filing a frivolous complaint or continuing to litigate after the action became frivolous – which it does not – such a claim cannot be stated against the Brenneises, and thus must be dismissed as to the Brenneises on that basis alone.

Reply -Motion to Dismiss

08 CV 0039 WQH (WMc)

school board that sued the state to challenge the constitutionality of an anti-busing initiative, and was held to be a "prevailing party" for purposes of section 1988.

By contrast, the IDEA provides for an award of attorneys fees only to a "prevailing **parent**." 20 U.S.C. § 1415 (i)(3)(B)(i)(I) (emphasis added). A prevailing school district is only entitled to attorneys' fees against the parent's attorney if it can establish that the parent's complaint was "frivolous, unreasonable, or without foundation," or that the attorney "continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation." To recover attorneys' fees against the parent, the prevailing school district must meet the even heavier burden of showing that the parent's complaint "was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation."

In any case, issues on which the Brenneises prevailed in the due process proceeding cannot be considered frivolous. As the Supreme Court noted, if a federal judge does nothing more than give "careful consideration" to a party's allegations, that is sufficient to save them from being considered frivolous. *Hughes v. Rowe*, 449 U.S. 5, 15 (U.S. 1980). It would certainly seem to follow that if an administrative law judge rules in a party's favor, the claims could not conceivably be characterized as frivolous. Thus, even if the District were to ultimately prevail on appeal with respect to those issues, the fact that the Brenneises prevailed in the administrative hearing is sufficient to establish that they were not frivolous, much less brought for an improper purpose.[2]

### B. All of the Claims in the Parent's Complaint Were Related, Not Only to Each Other, But to the Claim Raised in the District's Complaint

The District asserts that even if the parents prevailed in the litigation as a whole, the District might still be entitled to attorneys' fees with respect to those claims on which

---

[2] The District's assertion that it is "premature" to dismiss its claim for attorneys' fees because it might ultimately prevail on its appeal of the issues on which the Brenneises prevailed is similarly misguided.

1  the parents did not prevail if those claims were unrelated to the claims on which the
2  Brenneises prevailed.  As the Supreme Court noted in *Hensley v. Eckerhart,* 461 U.S.
3  424, 435 (U.S. 1983), "cases involving such unrelated claims are unlikely to arise with
4  great frequency."  If the claims "involve a common core of facts" or are "based on related
5  legal theories," they are properly considered related.

6    In this case, one of the District's two issues (identified in the OAH Decision as
7  Issue 10), was "Did the District's education programming offer, memorialized in the
8  proposed December 4, 2006 IEP, offer Student a FAPE designed to meet his unique
9  needs and allow him to benefit from his education?"  Exh. A[3] at 2, n.1 and 3.  In stating
10 this broad claim, the District put into play all of the elements of the "education
11 programming offer," in the December 4, 2006 IEP, which includes all of the issues raised
12 by the Brenneises with respect to that IEP (Issues 11-18).  Exh. A at 3-4.

13    Although the Brenneises subsequently filed their own due process complaint in
14 which they also raised the appropriateness of the August 26, 2006 IEP, the facts and legal
15 theories relating to the two IEPs were similar to those raised in connection with the
16 December 4, 2006 IEP, such as the appropriateness of the goals and objectives.  Indeed,
17 the Hearing Officer identified 5 issues that were identical to both (Issues 14-18, Exh. A at
18 3-4).

19    As the OAH Decision clearly states, the Brenneises prevailed on Issue 10.  Exh. A
20 at 75.  Thus, even though they did not prevail as to every specific element of the
21 December 4, 2006 IEP to which they objected, all of the issues raised by the Brenneises
22 were directly related to the District's claim that the education programming offer in the
23 December 4, 2006 IEP offered the Student a FAPE.  Indeed, the District, which had the
24 burden of proceeding because it filed first, put on evidence as to all of the issues
25 identified by the Brenneises in an effort to meet its burden of proving that the education

---

[3] As was done in the Motion to Dismiss, citations to the OAH Decision are made by referencing page numbers to Exhibit A, which is attached to that motion.

programming offer in the December 4, 2006 IEP offered the Student a FAPE. The District failed to meet that burden.

### C. With Respect to the District's Single, Purportedly Unrelated, Issue, the District Has Failed to Allege Facts to Support a Claim that the Attorneys Litigated After the Litigation Clearly Became Frivolous

In an effort to identify a claim that was not related to the issue on which the Brenneises prevailed, i.e. whether the education programming offer made by the District provided the Student with a FAPE, the District asserts that "the District has plead unsuccessful, unrelated claims in its complaint, and also appealed all adverse determinations." Opposition at 7:12-13. As discussed above, even if the District were to prevail in its appeal of these adverse determinations, this could not conceivably make those issues retroactively frivolous. This leaves only the single remaining issue that the District raised in its complaint, to wit, "Is the District's Multidisciplinary Assessment dated July 14, 2006," identified as Issue 1 in the OAH Decision. Exh. A at 2.

The evidence relating to this issue is discussed in paragraphs 16-31 of the OAH Decision. In a footnote at the beginning this section of the OAH Decision, the Hearing Officer states that because of a stipulation that the District's witnesses would all testify that the assessment was appropriate, "there is no need for this Decision to discuss the testimony of each of the District employees involved with the assessment . . . . Instead, this Decision will focus on those areas in which Student contends the District's assessment was deficient and the testimony of the witnesses related to the alleged deficiencies." Exh. A at 7, n.6.

The OAH Decision goes on to discuss in detail the testimony of three of the Student's expert witnesses – Robert Patterson, Joanne Hein, and Lynn Thrope – all of whom were critical of the assessment conducted by the District. Although the Hearing Officer was ultimately not persuaded by this testimony, it is beyond cavil that, at no point in the litigation, did Student's position become "frivolous, unreasonable or without foundation."

### D. The District Has Not, Nor Can It, Allege Any Facts to Support a Claim For Fees Against the Brenneises' or Their Attorneys

As noted in the Brenneises' motion, and as the District admits in its opposition, the facts alleged in the District's complaint have nothing whatever to do with whether the parent's due process complaint was frivolous, or whether the litigation was continued after it clearly became frivolous, much less whether, the Brenneises filed a meritless due process request for an improper purpose. Instead the District's litany of complaints relate to the **conduct** of the Brenneises and their attorneys before, during and after the due process hearing. Thus, the District makes the following allegations in its complaint: "refusal to allow the District to observe T.B.;" "threatening to file suit;" "filing untimely motions, replies and evidence," "seeking admission of the late evidence;" "serving improperly issued, untimely subpoenas duces tecum;" "filing another due process complaint on a moot IEP;" "filing a complaint with the [CDE];" and "refusing to consent to an IEP for the current school year." As none of these allegations have anything to do with the merits of the parents' complaint, they are irrelevant even if true (which they are not).

The District seeks to salvage its pleading by arguing that under Rule 11, sanctions may be imposed even if the overall claim is not lacking in merit. However, the District's claim for attorneys' fees is governed by the statutory language in 20 U.S.C. § 1415(i)(3)(B(i)(II) and (III), not Rule 11. Under the statutory language, attorneys' fees may only be awarded to a school district that prevails on a claim, and then only to the extent that the claim was frivolous or the attorney continued to pursue the litigation after the litigation became frivolous. Nothing in the IDEA fee-shifting statute permits a recovery of attorneys' fees for the conduct alleged in the District's complaint.

The only allegation in the District's complaint that even comes close to being relevant is "seeking to litigate issues not plead, issues that lack any evidentiary basis, and issues clearly outside the jurisdiction of OAH before and during the hearing." However

this, too, falls short of the mark.  First, if issues were not pled, or were outside the jurisdiction of OAH, then presumably they were not litigated and thus have nothing whatever to do with whether the issues that were litigated were frivolous.  It must also be pointed out, in this regard, that the OAH Decision expressly identifies every issue raised by the Brenneises in their complaint, all of which were addressed in the OAH Decision, none having been dismissed either for having been untimely pled, or for lack of jurisdiction.

As to "seeking to litigate issues that lack any evidentiary basis," this is just another way of saying the issues were "frivolous, unreasonable, or without foundation."  As such, it is merely a conclusory statement, wholly lacking in factual support.  Indeed, the District does not even identify which issues purportedly lacked any evidentiary basis, nor does the District cite to a single statement in the OAH Decision to the effect that the Brenneises failed to introduce evidence in support of any one of their issues, much less that they brought their claim for an improper purpose.[4]  On the contrary, the OAH Decision clearly identifies and discusses evidence that the Brenneises introduced in support of each and every issue decided.  As the Ninth Circuit has made clear, this alone is sufficient to defeat a claim of frivolousness.  *EEOC v. Bruno's Restaurant,* 13 F.3d 285 (9th Cir. 1992); *see also*, *Settlegoode v. Portland Pub. Schs,* 2002 U.S. Dist. LEXIS 20337 (D. Or. 2002).

As the Supreme Court recently stated, "without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

---

[4] Indeed, the fact that the District filed first against the Brenneises, and that the District's issues were inseparable from those raised by the Brenneises, is sufficient, in and of itself, to establish that the Brenneises did not file their due process request for any improper purpose.

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 n.3, 167 L. Ed. 2d 929 (2007). The District, nevertheless, attempts to excuse the absence of any factual allegations in its complaint by citing an unpublished order from a district court in Missouri in a case entitled *Taylor P. v. Missouri Dept. of Elementary and Secondary Educ.*, 2007 WL 869502; 2007 U.S. Dist. Lexis 59570 (D. Mo. Aug. 14, 2007)[5] which, according to the District, supports the proposition that "in the context of the IDEA" a complaint that contains "mere conclusory statements, unsupported by specific facts" should be allowed to stand. Opposition at 6:14-20. In fact, the court in *Taylor P.* found that the complaint did not contain mere conclusory statements, but rather included sufficient facts to defeat a motion to dismiss.[6] Because the District here has alleged **not a single fact** to support its conclusory statements, and cannot possibly do so in light of the detailed discussion of the abundant evidence presented by the parents in the OAH Decision, the District's claim must be dismissed with prejudice.

## II. THE DISTRICT HAS FAILED TO SHOW THAT STEVEN WYNER AND WYNER & TIFFANY ARE APPROPRIATE DEFENDANTS IN THE THIRD CAUSE OF ACTION

The District's attempt to argue that an attorney is a necessary party with respect to a client's claim for attorneys' fees under a fee shifting statute is wholly lacking in merit. Whatever entitlement an attorney may have to be paid by the client, it is the client who is the prevailing party with standing to seek reimbursement of fees, not the attorney. To hold otherwise would make the attorney a "necessary party" every time a fee application is filed in federal court. Indeed, the District's position is particularly indefensible where, as here, the Brenneises are represented by the attorneys whose fees are at issue.

---

[5] The District incorrectly asserts that the parents partially prevailed in the due process hearing. Opposition at 6:5. In fact, the parents lost on all their claims.

[6] Subsequently, the court denied the motion on the merits. *Taylor P. v. Mo. Dep't of Elem. & Secondary Educ.*, 2007 U.S. Dist. LEXIS 74070 (D. Mo. Oct. 3, 2007)

Of course "the District did not know when it filed its action (and still does not know) what the fee arrangement is between the attorneys and the family" (Opposition at 9:6-7), because the fee agreement is subject to the attorney-client privilege. However, whatever the fee agreement may provide, it cannot change the fact that if the District can establish that the Brenneises are not legally entitled to recover attorneys' fees under the IDEA, their attorneys do not have a separate right to proceed against the District for payment of their fees and thus would be "bound by the judgment in the instant case." Opposition at 11. Thus, Steven Wyner and Wyner & Tiffany are not appropriate defendants, and by naming them, in addition to the Brenneises, the District can have no purpose except to harass the Brenneises and their counsel, and unnecessarily increase the costs of defending against this litigation.

Dated: April 17, 2008

Respectfully submitted,

*Wyner & Tiffany*
ATTORNEYS AT LAW

By:  /s/ Marcy J.K. Tiffany
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of 18 and that I am not a party to this action. On April 17, 2008, I served this REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND AND THIRD CAUSES OF ACTION on the San Diego Unified School District by serving their counsel of record electronically, having verified on the court's CM/ECF website that such counsel is currently on the list to receive emails for this case, and that there are no attorneys on the manual notice list.

Dated: April 17, 2008                                            /s/ Marcy J.K. Tiffany